**United States Bankruptcy Court**
**District of Massachusetts, Worcester Division**
**CHAPTER 13 PLAN**

Filing Date: 5/1/2017    Docket #: **4:17-bk-40605**

Debtor: **Johnson, Dean**    Co-Debtor:

SS#: **5230**    SS#:

Address: **30 Garnet St**    Address:

**Fitchburg, MA  01420-3222**    ,

Debtor's Counsel:
**Law Office or Robert W. Kovacs, Jr.**
**131 Lincoln St**
**Worcester, MA  01605-2408**
T: 508-926-8833
F: 508-459-1723
E: Robert@KovacsLawFirm.com

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this plan must file a timely written objection. This plan may be confirmed without further notice or hearing unless written objection is filed before the deadline stated above. If you have a secured claim, this is notice that your lien may be voided or modified if you do not object to this plan.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

# United States Bankruptcy Court

## District of Massachusetts, Worcester Division

### CHAPTER 13 PLAN

Docket No.: **4:17-bk-40605**

DEBTOR(S):  (H) **Johnson, Dean**_____SS# **5230**_____
            (W) _____SS# _____

## I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **1,100.00** for the term of:

**[X]** 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

## II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| Seterus Inc | mortgage arrears / cure payments<br><br>Property address<br>30 Garnet St, Fitchburg, MA | 55,000.00 |

Total of secured claims to be paid through the Plan:  $      **55,000.00**

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| Seterus Inc | on-going mortgage payments / maintenance payments<br><br>Property address<br>30 Garnet St, Fitchburg, MA |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|

| | | |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the Plan are _____.

### III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Internal Revenue Service** | | **1,000.00** |
| **Mass Dept Of Revenue** | | **50.00** |

Total of Priority Claims to Be Paid Through the Plan: $_____ **1,050.00**

### IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **2,585.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The chapter 13 trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

### V. UNSECURED CLAIMS:

The estimated dividend to be paid to unsecured credits is **N/A**% of their claims.

**THIS IS A POT OR POOL PLAN:** Unsecured creditors are to be paid pro-rata from the total of all funds paid into this plan (the

"POT"). The dividend listed is for informational purposes only. The actual dividend paid may be higher or lower than that listed.

A. General unsecured claims: $ **0.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

**Claims listed in this subsection are generally non-dischargeable. Debtor may seek a determination from the Court that the claims listed here are dischargeable. Listing of a claim under this subsection does not and should not be construed as Debtor(s) admission that these claims are nondischargeable.**

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | | |

Total of A + B + C unsecured claims: $ **0.00**

D. Multiply total by percentage**:** $ **0.00**.

(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

Total amount of separately classified claims payable at **100**%: $ **0.00**

**VI. OTHER PROVISIONS:**

A. Liquidation of assets to be used to fund Plan:

B. Miscellaneous provisions:

1.THIS IS A POT OR POOL PLAN: Unsecured creditors are to be paid pro-rata from the total of all funds paid into this plan (the "POT"). The dividend listed is for informational purposes only. The actual dividend paid may be higher or lower than that listed.

2. Holders of judicial liens that may be avoided under section 522(f) or other code section have been treated in this plan as unsecured. Said holders of judicial liens shall receive a pro-rata distribution from the unsecured POT of funds. As allowed by further order of the Court such liens shall be voided under the bankruptcy code.

3. The Debtor(s) hereby expressly revokes and rejects any and all executory contacts and leases which are not expressly accepted in this plan.

4. The Debtor(s) hereby expressly revoke and reject any prior consent to telephonic and / or cellular phone contact.

**VII. CALCULATION OF PLAN PAYMENT:**

| | |
|---|---|
| A. Secured claims (Section I-A Total): | $ **55,000.00** |
| B. Priority claims (Section II-A & B Total): | $ **1,050.00** |
| C. Administrative claims (Section III-A & B Total): | $ **2,585.00** |
| D. Regular unsecured claims (Section IV-D Total): + | $ **0.00** |
| E. Separately classified unsecured claims: | $ **0.00** |
| F. Total of a + b + c + d + e above: | $ **58635.00** |
| G. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: | $ **65,150.00** |

(This represents the total amount to be paid into the Chapter 13 Plan)

H. Divide (G), Cost of Plan by, Term of Plan, **60** months

I. Round up to nearest dollar: Monthly Plan Payment:    $ **1,100.00**

(Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

**VIII. LIQUIDATION ANALYSIS**

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **30 Garnet St, Fitchburg, MA 01420-3222** | **114,823.00** | **197,263.00** |

| | | |
|---|---|---|
| Total Net Equity for Real Property: | $ | **0.00** |
| Less Total Exemptions (Schedule C): | $ | **0.00** |
| Available Chapter 7: | $ | **0.00** |

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| **1992 Ford Mustang** | **1,854.00** | **0.00** | **1,854.00** |
| **2001 Mazda Protege** | **1,257.00** | **0.00** | **1,257.00** |
| **2003 Dodge Dakota** | **2,586.00** | **0.00** | **7,500.00** |

| | | |
|---|---|---|
| Total Net Equity: | $ | **5,697.00** |
| Less Total Exemptions (Schedule C): | $ | **5,697.00** |
| Available Chapter 7: | $ | **0.00** |

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

| | | |
|---|---|---|
| **Total Net Value:** | $ | **47,800.00** |
| **Less** Exemptions (Schedule C): | $ | **11,125.00** |
| Non-exempt assets: | $ | **36,675.00** |

**Less** Estimated Cost of Adminstration of Chapter 7 Estate:  $ _____

Available in Chapter 7:                                        $ _____


D. Summary of Liquidation Analysis (total amount available under Chapter 7):


Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **37,550.00**.


E. Additional Comments regarding Liquidation Analysis:


Please refer to the bankruptcy schedules which have been separately filed with the court for a complete list of all assets and exemptions.



**IX. SIGNATURES**


Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ *Mr. Robert W. Kovacs Jr.*_____    **April 28, 2017**_____
Debtor's Attorney                                    Date


Attorney's Address:
**Law Office or Robert W. Kovacs, Jr.
131 Lincoln St
Worcester, MA  01605-2408**
T: 508-926-8833
F: 508-459-1723
E: Robert@RKovacsLaw.com


Tel. # _____    Email Address: **robert@kovacslawfirm.com**
                                             _____



**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

/s/ *Dean Johnson*_____    **April 28, 2017**_____
Debtor                                              Date
_____            **April 28, 2017**_____
Debtor                                              Date